# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN THE MATTER OF:
COMPLAINT OF BOOGIES　　　　　　　Case No. 3:10cv17/MCR/EMT
WATERSPORTS, INC.,
as bareboat charterer of the motor
vessel RIGHT NOW, Petitioner, in a
Cause for Exoneration from or
Limitation of Liability.
_____/

## O R D E R

Plaintiff Boogies Watersports, Inc. filed a complaint in admiralty seeking exoneration from and limited liability for damages arising out of its interest as bareboat charterer of the motor vessel *RIGHT NOW*, Official Number 1108139, on which an incident on navigable waters resulting in personal injury occurred on June 25, 2009 (doc. 1). *See* 46 U.S.C. §§ 30501 - 30512; Fed. R. Civ. P. Admiralty, Maritime Claims, Supp. Rule F. The complaint states the value of the vessel described is $84,500.00 or less, and that there was no pending freight.

Plaintiff's requests for notice to all claimants, and for an injunction of further prosecution of any claim arising out of the incident described in the complaint will be granted.

Accordingly, it is ORDERED:

1.　　Plaintiff shall deposit with the court, for the benefit of claimants, a sum equal to $84,500.00, or security therefore. Plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of six percent per annum from the date of the security.

2.　　This court, upon motion, shall cause due appraisement of the value of the plaintiff's interest in the vessel and may thereupon order an increase or reduction of the security if the court finds such an order is necessary to carry out the provisions of the statutes relating to claims for personal injury.

3.      The clerk of this court shall issue notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of this court in writing, and to serve on the attorney for the plaintiff a copy thereof on or before March 8, 2010, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he shall file and serve on attorneys for the plaintiff an answer to the complaint on or before that date, unless his claim includes an answer to the complaint, so designated, or be defaulted.

4.      The plaintiff shall publish the notice in an approved newspaper as specified in Local Admiralty Rule A(7), once a week for four successive weeks prior to the date fixed for the filing of claims, as provided by Supp. Rule F(4) and Local Admiralty Rule F(1), and copies of the notice shall also be mailed in accordance with Supp. Rule F(4).

5.      The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the plaintiff or against any property of the plaintiff except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the incident alleged in the complaint shall be and hereby are restrained, stayed, and enjoined until the hearing and determination of this action.

6.      Service of this order as a restraining order may be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand.

**DONE AND ORDERED** this 25th day of January, 2010.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 3:10cv17/MCR/EMT